IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN JEFFERY RICHARD, § | | |
| TDCJ#664664, § | | |
| Petitioner, § | | |
| § | | |
| VS. § | | C.A. NO. C-04-609 |
| § | | |
| DOUG DRETKE, Director TDCJ-CID, § | | |
| Respondent. § | | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

Pending is petitioner's motion for reconsideration (D.E. 44). It is respectfully recommended that the motion be DENIED.

### I. BACKGROUND

Final judgment denying petitioner's motion for § 2254 relief was entered August 10, 2005 (D.E. 26). Petitioner timely filed notice of appeal (D.E. 28). On October 26, 2005, petitioner/appellant's application for leave to proceed in forma pauperis on appeal was granted, and a collection order, requiring payment of the appellate filing fee over time, was entered (D.E. 32). The collection order advised petitioner/appellant that if he did not wish to pay the appellate filing fee, he must file a motion to dismiss his appeal within thirty days. He did not do so.

On November 30, 2005, petitioner/appellant filed a motion requesting reconsideration of the order requiring him to pay the filing fee (D.E. 33). Petitioner/appellant also stated in his letter that if he had to pay the filing fee, he did not want to pursue the appeal. The motion was denied by undersigned, and petitioner/appellant was advised that he could seek review of the order by a District Judge if he requested review within ten days (D.E. 34). 28 U.S.C. § 636; Fed. R. Civ. P. 72(a). Petitioner/Appellant was advised that if he wished to dismiss his appeal, he must file his

motion to dismiss directly with the Court of Appeals. He did not timely seek review by the District Court, nor did he move in the Court of Appeals to dismiss his appeal.

On March 13, 2006, petitioner/appellant's appeal was dismissed for want of prosecution (D.E. 37). On May 4, 2006, petitioner moved for relief from judgment (D.E. 38), and his motion was partially granted (D.E. 43). The District Court vacated the appellate collection order on August 16, 2006, but refused to return monies collected to date unless respondent agreed (*Id.*). On August 25, 2006, petitioner filed this motion for reconsideration (D.E. 44).

## II. **DISCUSSION**

A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 n. 7 (5th Cir. 1994). If the motion is filed within ten days of entry of judgment the motion falls under Rule 59(e). *Id.* If it is filed after that, it falls under Rule 60(b). Id. Because petitioner's motion was filed within ten days after entry of judgment, the motion will be treated as a motion to alter or amend the judgment under Rule 59(e).

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment. Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).

Petitioner presents no newly discovered evidence and cites to no authority demonstrating that the District Court committed a manifest error of law. He merely repeats his disagreement with the action of the District Court. Relief is not warranted.

## III.  RECOMMENDATION

Based on the foregoing, it is respectfully recommended that petitioner's motion for reconsideration (D.E. 44) be DENIED.

Respectfully submitted this 14th day of September, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servcs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).